# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-434-RJC

| | |
|---|---|
| STANLEY BENTON, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| ANDREW MURRAY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1). The Court has examined Plaintiff's Application to Proceed Without Prepayment of Fees or Costs and concludes that he has insufficient resources to proceed at this time. His Application will therefore be granted for the limited purpose of this initial review.

The provisions of 28 U.S.C. § 1915A(a) direct the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1). For the reasons that follow, Plaintiff's Complaint will be dismissed for failure to state a claim.

**I.    BACKGROUND**

Plaintiff names as defendants the following individuals: Andrew Murray, the District Attorney of Mecklenburg County; Max Diaz, Assistant District Attorney with the Mecklenburg

1

County District Attorney's Office; Kevin P. Tully, Public Defender; Alicia Allen, Public Defender; Charlena A. Harrell, Public Defender; Kimberly Best, Judicial Official; and John Totten, Judicial Official.

In his Complaint, Plaintiff alleges that the defendants conspired to deprive him of his rights as secured by the United States Constitution, and that he is being prosecuted on charges over which the State has no jurisdiction. For instance, Plaintiff states that he never consented to being arrested and he is being prosecuted by a "statutory inferior court." (Doc. No. 1 at 7). Plaintiff notes that he never entered into a contract with any of the defendants "to be statutorily prosecuted in an unconstitutional statutory inferior court or even in a North Carolina State common law court." (Id. at 10). Plaintiff cites to both the Federal and North Carolina Rules of Civil Procedure in his effort to show that the criminal process he is mired in is being maintained illegally by the defendants, in concert, in an effort to deprive him of his constitutional rights. (Id. at 9-10).

In his prayer for relief, Plaintiff asks, inter alia, that the charges pending against him be dropped, that he be released, that the defendants be ordered detained and fined, and that he have a trial by jury. (Doc. No. 1 at 19-20).

## II. STANDARD OF REVIEW

A case filed under Section 1983 provides a possible remedy if a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A

claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff .").

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

### III. DISCUSSION

Plaintiff has named as defendants individuals who are not proper parties to a civil action under Section 1983. Accordingly, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).[1]

    A.    <u>Defendants Andrew Murray and Max Diaz</u>

As Plaintiff's Complaint alleges, Defendants Murray and Diaz are attorneys employed by

---

[1] Claims that any of the defendants violated any rights he may have that are state rights, whether statutory or constitutional, are not cognizable in a Section 1983 claim. See generally Maine, supra, 448 U.S. 1 (holding Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights).

the Mecklenburg County District Attorney's Office. Murray is the elected District Attorney, and Diaz as an assistant district attorney. As such, Murray and Diaz are entitled to absolute prosecutorial immunity. In Imbler v. Pachtman, the Supreme Court held "that in initiating a prosecution and in presenting the States's case, the prosecutor is immune from a civil suit for damages under § 1983.'" 424 U.S. 409, 430 (1976). The Imbler Court "explained that prosecutors should be afforded absolute immunity when their 'activities were intimately associated with the judicial phase of the criminal process." Nivens v. Gilchrist, 444 F.3d 237, 250 (4th Cir. 2006) (quoting Imbler, 424 U.S. at 430).

In the present case, Plaintiff claims he is being prosecuted for alleged crimes by the Mecklenburg County District Attorney's Office. Plaintiff does not, however, allege that Murray and Diaz are acting outside the scope of the traditional duties as prosecutors. Rather, Plaintiff alleges a bizarre, mixed-bag of violations such as that Murray and Diaz are conspiring with the other defendants to violate his constitutional right to be free from prosecution by a North Carolina State court. These allegations simply fail to raise any question but that Murray and Diaz are acting within the realm of their "traditional prosecutorial duties." Nivens, 444 F.3d at 250. Plaintiff's claims against Murray and Diaz are dismissed.

  B.  Defendants Trully, Allen, and Harrell

Plaintiff's Complaint identifies Truly, Allen, and Harrell as public defenders. Plaintiff's claims against these defendants must fail because Plaintiff cannot maintain an action under Section 1983 against defense attorneys. No action will lie under Section 1983 against a defense attorney, whether privately retained, court-appointed, or a public defender, because defense counsel does not act under color of state law when performing the traditional functions of counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (explaining that it is well

understood that a public defender "is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); see also Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (dismissal of § 1983 complaint affirmed where claims against court-appointed attorney lacked necessary "state action" requirement); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of § 1983 action against retained counsel). Plaintiff's claims against the public defenders must be dismissed.

    C.    Defendants Best and Totten

Plaintiff's Complaint identifies Judges Best and Totten as judicial officers who are acting under color of state law. These claims must fail on the ground of judicial immunity. It is well established law that judges are absolutely immune in a Section 1983 lawsuit for civil liability for actions which they performed in their judicial capacity. Bradley v. Fisher, 80 U.S. 335 (1871). This protection of judicial immunity extends to situations where the allegations raise a question of whether the judicial officer erred in exercising judicial authority. See Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976) ("[T]he law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly."). In Plaintiff's Complaint, he alleges, for instance, that "the judge of North Carolina State, Mecklenburg County district and superior courts are not holding their offices in good behavior, because they are conspiring with those individuals prosecuting" Plaintiff. (Doc. No. 1 at 18). These allegations, along with the other frivolous allegations raised by Plaintiff, do not support a claim upon which relief can be granted and they must be dismissed.

**IV.    CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

    1.    Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc.

No. 1-1), is **GRANTED** for the limited purpose of this initial review of his Complaint.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Signed: June 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge